IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| Sylvester Singletary, | ) | C/A No. 8:13-cv-0804-RBH |
| | ) | |
| Petitioner, | ) | |
| | ) | **O R D E R** |
| vs. | ) | |
| | ) | |
| Joseph McFadden, Warden, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

The Plaintiff, *pro se*, instituted this action pursuant to 28 U.S.C. § 2254 on March 20, 2013[1].

He is incarcerated in the SCDC at Lieber Correctional Institution.

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02 D.S.C., this matter was referred

to United States Magistrate Judge Jacquelyn D. Austin, for pretrial handling.  On July 1, 2013, before

the defendant responded to the petition, Magistrate Judge Austin entered a text order granting the

petitioner's motion to appoint counsel and appointed attorney Jeremy Adam Thompson.  The motion

was granted on the basis that Petitioner alleged that he is mentally retarded and "cannot read or hold

a thought."  (ECF No. 27) In addition, the Magistrate Judge noted that Petitioner's *pro se* ground for

habeas relief was that "his counsel provided ineffective assistance by failing to fully explain the State's

plea offer when counsel was aware of Petitioner's diminished mental capabilities." *Id*.  Counsel for the

petitioner filed a motion to amend the habeas petition, which was granted.  The defendant filed a

motion for summary judgment and also a supplemental motion for summary judgment (after the

_____

[1] The petition was delivered to the prison mail room on March 20, 2013. *See Houston v. Lack*, 487 U.S. 266, 270 (1988)

1

amended petition was filed). Petitioner filed a response in opposition to the motions and also moved to expand the record for presentation of additional evidence.

The matter is before this Court on the Report and Recommendation of Magistrate Judge Austin, which was issued on February 7, 2014. After analyzing the issues presented in this case, the Magistrate Judge recommended that this Court grant the respondent's motions for summary judgment and deny the petitioner's motion to expand the record. Petitioner filed objections to the Report on February 24, 2014.

In conducting its review of the Report and Recommendation, the Court applies the following standard:

> The Magistrate Judge makes only a recommendation to the court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).
>
> The court is obligated to conduct a *de novo* review of every portion of the Magistrate Judge's report to which objections have been filed. *Id.* However, the court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of a timely filed, specific objection, the Magistrate Judge's conclusions are reviewed only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

"In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722 (1991). "Inadequate assistance of counsel

at *initial-review* collateral proceedings *may* establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial." *Martinez v. Ryan*, __ U.S. __, 132 S.Ct. 1309, 1315 (2012). "To overcome the default, a prisoner must also demonstrate that the underlying ineffective-assistance-of-counsel-claim is a substantial one, which is to say that the prisoner must demonstrate that the claim has some merit." *Id*. at 1318.

Petitioner recognizes that all three of his grounds for relief are procedurally barred because they were not raised by PCR counsel. However, he brings them before the Court under *Martinez*.

Ground One asserts that trial counsel was ineffective in failing to fully explain the benefits of "the state's offer to recommend a sentence of ten years in exchange for a guilty plea when counsel was aware of Petitioner's diminished mental capabilities in violation of his Sixth and Fourteenth Amendment rights." Quoted in R&R, p. 5. Petitioner further alleged in Ground One that "[t]rial counsel failed to retain a mental health expert to assist him in explaining the charges, consequences, the court system and its function, and the benefits of accepting the State's plea offer of ten (10) years." (ECF No. 1, p. 6) The Magistrate Judge assumed without deciding that PCR counsel was ineffective for failing to raise this ground to the PCR court. However, she found that trial counsel's conduct did not fall below an objective standard of reasonableness under *Strickland v. Washington*, 466 U.S. 668 (1984); *Hill v. Lockhart*, 474 U.S. 52 (1985); and *Lafler v. Cooper*, __ U.S. __, 132 S.Ct. 1376, 1384 (2012). The Court agrees. Trial counsel Fox testified at the PCR hearing that Petitioner was facing a life sentence and that he discussed the ten-year plea deal with the petitioner but that he "did not waiver in his position that he did not do anything and that he would not accept a sentence for anything." (ECF No. 36-3, p. 50). The record reflects that counsel Fox had Petitioner evaluated by the South Carolina

Department of Mental Health[2] and the South Carolina Department of Disabilities and Special Needs[3] and that a state circuit judge conducted a *Blair* hearing.  *See* ECF No. 36-3, p. 57.  The Court agrees with the Magistrate Judge's analysis of this issue and finds that trial counsel was not ineffective in failing to fully explain the plea offer or in failing to take an expert with him to meet with Petitioner concerning the case.  Therefore, *Martinez* does not provide cause for the procedural default as to Ground One.

Ground Two asserts that defense counsel was ineffective in failing to object to "Golden Rule" arguments made by the State in its opening statement and closing argument. The Magistrate Judge assumed without deciding that PCR counsel was ineffective in failing to raise this issue.  However, she found that (although in her opinion the comments were inappropriate and counsel should have objected) no prejudice was shown because the remarks were limited in scope and duration and the evidence of guilt was overwhelming.  Therefore, she found that there was no reasonable possibility that the outcome of the trial would have been different without the remarks and that petitioner had accordingly failed to demonstrate that his ineffective assistance of counsel claim was substantial. Therefore, she found that the procedural default was not excused under *Martinez*.

The defendant has not objected to the finding in the Report and Recommendation that the prosecutor's "comments were inappropriate and his trial counsel should have objected." (ECF No. 61,

---

[2] Richard L. Frierson, M.D., of the South Carolina Department of Mental Health, found evidence that Petitioner is mentally retarded and found that he needed further evaluation by the Department of Disabilities and Special Needs.  (ECF No. 56-1, p. 4)

[3] Dr. Donna Culley, Ph.D., with the South Carolina Department of Disabilities and Special Needs, gave an opinion that "Mr. Singletary has the capacity to demonstrate a factual and a rational understanding of the legal process, the charges against him, and the possible penalties if convicted. Likewise, it is the examiners' opinion that he has the ability to effectively communicate with his attorney in developing a defense." (ECF No. 56-1, p. 8)

4

p. 24).  Therefore, the Magistrate's finding that trial counsel was ineffective for failing to object to the prosecutor's arguments stands under this Court's scope of review unless the finding amounted to clear error.  The Court does not find clear error in this finding.  Petitioner objects to the Magistrate's finding that no prejudice resulted from the violation of the "Golden Rule" by the solicitor.  He contends that the Report errs in emphasizing the duration of the improper remarks rather than the points in time in which the remarks were made, particularly during the closing argument.  He also objects to the characterization of the evidence as overwhelming because "the purpose of the Golden Rule argument is to overwhelm the jury's dispassionate consideration of the facts. . ."  (ECF No. 64, p. 5)

"The law is clear that although it is improper to ask jurors to place themselves in the position of a party, such a 'golden rule' argument does not constitute reversible error if no prejudice arise[s] from counsel's comment."  *Brown v. Cartledge*, No. 9:09-2254-JFA-BM, 2010 WL 2733858 at *6 (D.S.C. June 10, 2010), citing *Ladantae v. Koppel*, No. 07-2176, 2010 WL 2025586 at *13 (D.Md. May 19, 2010).  *See also, Darden v. Wainwright*, 477 U.S. 168, 180 (1986)(Prosecutor's remarks may have been "undesirable or even universally condemned" but did not so infect the trial with "unfairness as to make the resulting conviction a denial of due process.")  Here, this Court agrees that there is no reasonable probability that the petitioner would have been acquitted but for the remarks.  *See* R&R, pp. 25.  Therefore, the procedural default is not excused under *Martinez*.

In Ground Three, Petitioner contends that defense counsel was ineffective in failing to move to quash the first degree burglary and assault and battery with intent to kill indictments because they listed an officer in the upper left hand corner as the witness and the officer testified at trial that he did not testify in front of the grand jury.  Petitioner objects to the finding by the Magistrate Judge that Ground Three is not cognizable for habeas review because it concerns only an error of state law.  In

his objections, Petitioner argues that a habeas claim for ineffective assistance of counsel is based on violation of constitutional law and not state law and that the Magistrate erred in failing to address this procedurally defaulted claim under *Martinez*. The Court agrees with the petitioner that Ground Three is cognizable for habeas review, as it is an ineffective assistance of counsel claim. However, Petitioner's claim still fails. Assuming without deciding that PCR counsel was ineffective for failing to make this argument, trial counsel's conduct did not fall below an objective standard of reasonableness in failing to raise this claim.

When questions arise regarding the validity of an indictment, there is a legal presumption (in the absence of evidence to the contrary) that the indictment was duly returned in keeping with the regularity and legality of the proceedings in the court of general sessions. *State v. Jones*, 211 S.C. 319, 45 S.E.2d 29 (1947). The burden is on the defendant to prove facts upon which a challenge to the legality of the grand jury or its proceedings is predicated. *State v. Griffin*, 277 S.C. 193, 285 S.E.2d 631 (1981). As argued by the defendant, it is common practice in South Carolina for the officer whose name is on the arrest warrant or incident report to be listed on the upper left hand corner of the indictment. This does not necessarily mean that this officer will present the case to the grand jury. The fact that Officer Clark's name is listed on the upper left hand corner of the indictment and he testified at trial that he did not appear before the grand jury does not mean that no officer testified before the grand jury and that the prosecutor actually testified before the grand jury. Further, any motion to quash the indictment on the basis of a defect on its face must be made before the jury is sworn. S.C. Code Ann. § 17-19-90; *State v. Gentry*, 363 S.C. 93, 610 S.E.2d 494 (2005). According to the petitioner, the testimony of Officer Clark did not come until long after the jury was sworn. Even if counsel had moved to quash on this basis at the proper time, the State could have amended that portion of the

6

indictment, if even necessary, to substitute the name of the officer who actually testified before the grand jury. Therefore, any motion to quash made at that time would have been denied. Therefore, *Martinez* does not provide cause for the procedural default as to Ground Three.

Finally, Petitioner objects to the recommendation by the Magistrate Judge that the court deny [58] Motion to Expand the Record. Petitioner asserts that this Court can determine that trial counsel and PCR counsel were ineffective based on the arguments presented without requiring an evidentiary hearing. "However, in the event that this Court believes that it cannot resolve those issues based on the record that already exists, then the Petitioner believes that an evidentiary hearing is both authorized and needed." (ECF No. 58, p. 2) The Court finds that, without deciding whether expansion of the record could ever be appropriate in a situation such as this, it is unnecessary in this case to expand the record. The record is adequate for the Court to review the matter and find that Petitioner's grounds for habeas relief should be denied. Further, as the Magistrate Judge points out, 28 U.S.C. § 2254(e)(2)(B) provides that the court shall not hold an evidentiary hearing unless "the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense."

The Court has reviewed the Petition, Report and Recommendation by the Magistrate Judge, the applicable law, and the petitioner's objections. On the basis of the authorities cited by the Magistrate Judge and this Court's review of the record, the Court overrules the objections and adopts the Report of the Magistrate Judge as modified. The respondents' [35] and [48] motions for summary judgment are granted. The [58] motion to expand the record is denied.

**Certificate of Appealability Denied**. A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When the

district court denies relief on the merits, a prisoner satisfies this standard by demonstrating that reasonable jurists would find that the court's assessment of the constitutional claims is debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003).  When the district court denies relief on procedural grounds, the prisoner must demonstrate *both* that the dispositive procedural ruling is debatable, and that the petition states a debatable claim of the denial of a constitutional right. *Slack*, 529 U.S. at 484-85.  In the instant matter, the court concludes that Petitioner has failed to make the requisite showing of "the denial of a constitutional right" and thus denies a certificate of appealability.

      **IT IS SO ORDERED.**

                        s/ R. Bryan Harwell
                        R. Bryan Harwell
                        United States District Judge

March 31, 2014
Florence, South Carolina